UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br> Defendant. | CASE NO. C18-5974-JCC-MAT <br><br> REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the decisions of the ALJ and Appeals Council, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for a finding of disability.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[2] He has two years of college education and previously

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

worked as an auto detailer, auto body repair estimator, medical transporter, auto body office assistant, and auto shop office worker. (AR 227.)

Plaintiff applied for DIB in September 2014, alleging disability beginning May 15, 2014. (AR 205-11.) His application was denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 151-53, 155-58.)

On September 20, 2016, ALJ Vadim Mozyrsky held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert (VE). (AR 78-121.) On November 10, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 45-60.)

Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review on September 20, 2018, and issued an unfavorable decision that incorporated many of the ALJ's findings, including his step-five findings. (AR 1-9.) Plaintiff now seeks judicial review of that final decision of the Commissioner.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The Appeals Council found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 6.) At step two, it must be determined whether a claimant suffers from a severe impairment. The Appeals Council found severe Plaintiff's traumatic brain injury, posttraumatic headaches, bilateral Eustachian tube dysfunction, degenerative disc disease, depression, anxiety, and a substance addiction disorder. (AR 6.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The

Appeals Council found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 6.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The Appeals Council found Plaintiff able to perform a range of sedentary work, with additional limitations: he can lift/carry 10 pounds occasionally and less than 10 pounds frequently. He cannot work at unprotected heights or with heavy moving machinery, and cannot operate a motor vehicle. He cannot be exposed to airborne irritants such as fumes, odors, dust, and gases. He can work with at most a moderate work noise level. He can perform simple, routine tasks and make simple work-related decisions. He can have occasional interaction with coworkers, and superficial interaction with the general public (such as passing people in the hallways). He needs the same work setting every day, performing the same tasks; he is not able to work at different workplaces from one day to the next. (AR 6.) With that assessment, the Appeals Council found Plaintiff unable to perform his past relevant work.

The Appeals Council proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The Appeals Council explicitly adopted the ALJ's step-five findings, referencing Plaintiff's ability to perform the jobs of addressing clerk and document preparer. (AR 7 (citing AR 59).)

This Court's review of the Commissioner's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the Commissioner's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the Appeals Council failed to meet the Commissioner's burden at step five because it did not identify a job that exists in significant numbers that Plaintiff can perform, because 11,000 national jobs is not a significant number. The Commissioner disagrees, contending that 11,000 can be considered a significant number of national jobs and therefore the Appeals Council's decision should be affirmed.

## Step five

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012). It has, however, found "a comparison to other cases . . . instructive." *Id*. The Ninth Circuit has further made clear that "[t]he statute in question indicates that the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)." *Beltran*, 676 F.3d at 1206 (emphasis in original) (citing 42 U.S.C. §§ 423(d)(2)(A)). As such, upon finding "*either* of the two numbers 'significant,'" the Court "must uphold the ALJ's decision." *Id*.

In this case, the VE provided only national job numbers for two jobs (AR 119), and the parties agree that one of the jobs identified is invalid. Dkt. 11 at 2-3. Thus, the only remaining issue in dispute is whether the Appeals Council met its step-five burden in relying on a single

"addressing clerk" occupation, with 11,000 such jobs in the national economy. (AR 59.) Plaintiff argues that this number is too low to be significant, and the Commissioner suggests that a reasonable mind could find that number to be significant. *See* Dkt. 11 at 5-8.

Although the Commissioner urges this Court to determine on its own whether 11,000 is a significant number, without surveying the relevant case law on the issue, this approach is inconsistent with the Ninth Circuit's example and explicit instruction to consider whether other courts have found similar numbers to be significant, when determining whether a particular number of jobs is significant. *See, e.g.*, *Gutierrez v. Comm'r of Social Sec.*, 740 F.3d 519, 527-28 (9th Cir. 2014); *Beltran*, 700 F.3d at 389; *Barker v. Secy' of Health & Hum. Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989). The Commissioner's failure to address or distinguish these recent Ninth Circuit cases is unhelpful and undercuts the persuasiveness of his argument.

This Court's review of Ninth Circuit and district court cases suggests that 11,000 national jobs is not a significant number. *See Gutierrez*, 740 F.3d at 529 ("Under our current case law, the ALJ's finding that 25,000 national jobs is sufficient presents a close call."); *Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. Dec. 13, 2017) (suggesting that 10,000 national jobs "may not amount to a significant number"); *Lemauga v. Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. Apr. 3, 2017) (stating that although the Commissioner did not argue that 12,600 national jobs was a significant number, "[w]e note that this court has never found a similar number to be significant"); *Lisa L. v. Comm'r of Social Sec.*, 2018 WL 6334996, at \*4-5 (D. Or. Dec. 5, 2018) (holding that 11,084 national jobs is not significant); *Sovan v. Berryhill*, 2017 WL 4216493, at \*4-5 (W.D. Wash. Sep. 22, 2017) (declining to find 10,000 national jobs to be significant).

The Commissioner did not cite any case in support of his argument that 11,000 is a significant number of national jobs, yet a few cases do support that proposition. *See, e.g.*, *Aguilar*

REPORT AND RECOMMENDATION  RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

*v. Colvin*, 2016 WL 3660296, at *3 (C.D. Cal. Jul. 8, 2016) (finding 11,850 national jobs to be a significant number); *Hoffman v. Astrue*, 2010 WL 1138341, at *6-7 (W.D. Wash. Mar. 19, 2010) (finding 9,000 national jobs to be a significant number). That the job at issue is "addresser" further mitigates against a finding that it exists in significant numbers, however, given that this job is defined to involve obsolete tasks. *See* Dictionary of Occupational Titles 209.587-010, 1991 WL 671797 ("Addresses by hand or typewriter . . ."); *Candice E. v. Berryhill*, 2019 WL 2550318, at *5 (D. Or. Jun. 20, 2019) (considering whether the addresser job is obsolete due to technological advances and citing other cases so holding); *Katherine S. J. v. Berryhill*, 2019 WL 1926309, at *6-7 (C.D. Cal. Apr. 30, 2019) (noting that the existence of the addresser job has been called into question).

In light of the relative lack of support for the Commissioner's argument that 11,000 national addresser jobs is a significant number, the Commissioner failed to meet his step-five burden. The undersigned recommends that this error be remedied by a remand for a finding of disability, rather than further proceedings, in light of the fact that the error at issue pertains to the step at which the Commissioner bears the burden and there is therefore no valid evidence in the record supporting the Appeals Council's non-disability determination. There is no dispute that Plaintiff properly met his burden at steps one through four of the sequential evaluation, and it is not an efficient use of administrative and judicial resources to give the Commissioner yet another opportunity to meet his burden.

Particularly in this case, where the Commissioner conceded error in some of the step-five findings and presented minimal argument in defense of the remaining findings, the Court should exercise its discretion to remand for a finding of disability. *See, e.g.*, *Glass v. Barnhart*, 163 Fed. Appx. 470, 473 (9th Cir. Jan. 9, 2006) ("Here, the Commissioner did not produce evidence that

[plaintiff] could perform a significant number of jobs in the national economy. Thus, the Commissioner failed to meet her burden and [plaintiff] therefore is entitled to disability benefits."). The undersigned is aware that the Ninth Circuit has continued to refine its remand jurisprudence in recent years, and nonetheless finds that the recommended remedy is appropriate under the circumstances of this case. *See, e.g.*, *Rustamova v. Colvin*, 111 F.Supp.3d 1156 (D. Or. 2015) (remanding for a finding of disability on a step-five error, discussing *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014); *Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135 (9th Cir. 2011)).

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for a finding of disability.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 23, 2019**.

DATED this 7th day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7